# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

**No. 20-1291**

**September Term, 2020**

FILED ON: APRIL 2, 2021

WARBIRD ADVENTURES, INC. AND THOM RICHARD,
PETITIONERS

v.

FEDERAL AVIATION ADMINISTRATION,
RESPONDENT

———

On Petition for Review of an Action
of the Federal Aviation Administration

———

Before: PILLARD and WALKER, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

## J U D G M E N T

We heard this petition on the record from the Federal Aviation Administration, the parties' briefs, and oral argument. We fully considered the issues and decided that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d).

We **DENY** the petition for review of the FAA's Emergency Cease and Desist Order.

\* \* \*

Thom Richard, through his company Warbird Adventures, Inc., offers flight instruction in vintage and WWII military aircraft. In 2020, the FAA ordered Warbird to stop providing paid flight instruction in one of the company's planes — the Curtiss-Wright model P-40N — because it was not certified for that purpose.

Warbird petitions for review of the FAA's emergency cease and desist order. We deny the petition because the aircraft is not certified for paid flight instruction and substantial evidence supports the order.

\* \* \*

Under 14 C.F.R. § 91.315, "[n]o person may operate a limited category civil aircraft carrying persons or property for compensation or hire." Warbird's P-40N is a limited category

aircraft. Although the owner of a limited category aircraft can sometimes obtain an exemption from § 91.315, Warbird has not requested one. *See id*. § 11.81.

Instead, Warbird argues that § 91.315 does not prohibit paid flight training. We disagree. A flight student is a "person." *Id*. § 91.315; *see also id*. § 1.1. When a student is learning to fly in an airplane, the student is "carr[ied]." *Id*. § 91.315. And when the student is paying for the instruction, the student is being carried "for compensation." *Id.*

Of course, the FAA *could* have chosen to make an exception to this rule for flight instruction. In fact, for other regulations, that's exactly what it did. *See id*. § 91.313. But it made no such exception for § 91.315. And the contrast between the two regulatory schemes reinforces what the plain language suggests: § 91.315's broad text includes no exception for a flight student who is "carr[ied] . . . for compensation."

Warbird also argues that there is not substantial evidence to support the emergency order, which depends on a determination by the FAA that "an emergency exists related to safety in air commerce and requires immediate action." 49 U.S.C. § 46105(c). For three reasons, considered together, we disagree. First, after FAA inspectors advised Warbird that § 91.315 prohibits paid flight instruction in the P-40N, Warbird continued to use the P-40N for paid instruction. Second, after the FAA memorialized its notice to Warbird in a letter from the FAA Office of Chief Counsel, and after the FAA initiated an administrative action against Warbird, Warbird continued to advertise paid flight instruction in the P-40N. And third, Warbird refused to disavow future use of the P-40N for paid flight instruction, even after repeated communications from the FAA.

Perhaps no one of those reasons alone would be enough, but together they amount to substantial evidence supporting the FAA's emergency order. We therefore deny Warbird's petition.

\* \* \*

This disposition is unpublished. *See* D.C. Cir. R. 36(d). We direct the Clerk to withhold this mandate until seven days after resolution of a timely petition for rehearing or for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(b).

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Michael C. McGrail
Deputy Clerk

2